UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>BRANT LAKE SANITARY DISTRICT, A POLITICAL SUBDIVISION OF THE STATE OF SOUTH DAKOTA; and EXCEL UNDERGROUND, INC.,<br><br>Defendants. | 4:18-CV-04029-RAL<br><br>OPINION AND ORDER GRANTING MOTION TO AMEND ANSWER AND ASSERT COUNTERCLAIM AND DENYING MOTION TO STRIKE |

This opinion and order addresses two pending motions: Defendant Brant Lake Sanitary District's (Brant Lake) motion to amend its answer and assert a counterclaim, Doc. 19, and Plaintiff Employers Mutual Casualty Company's (EMCC) motion to strike the surreply of Defendant Excel Underground, Inc. (Excel), Doc. 32.

I.  **Motion to Amend Answer and Assert Counterclaim**

Brant Lake contracted with Excel to build a wastewater treatment system for Brant Lake's residents. Excel and Brant Lake had a disagreement over construction of the system and ended up suing each other in South Dakota state court. A jury decided in Excel's favor and awarded it $800,000 in lost profits, $285.921.81 for "retainage," and $483,770 "for other payments under the contract." Doc. 1-3 at 2. EMCC, who insured Brant Lake under a Linebacker Public Officials and Employment Practices Liability Policy (Policy), filed this declaratory judgment action seeking,

1

among other things, a declaration that the Policy's "contractual liability" exclusion excludes coverage for Excel's verdict against Brant Lake. Doc. 1.

Brant Lake answered EMCC's complaint first, asserting that the contractual liability exclusion is ambiguous and did not apply in any event because Excel's claims sounded in tort. Doc. 7. Excel answered the complaint next, asserting a counterclaim against EMCC. Doc. 9. Count I of Excel's counterclaim alleged that the contractual liability exclusion only applied to direct contract damages and that the $800,000 in lost profits were covered as consequential damages. Doc. 9. EMCC then moved for judgment on the pleadings, arguing among other things that the Policy excludes coverage for both direct and consequential contractual damages. Docs. 15, 16. Brant Lake moved to amend its answer and assert a counterclaim against EMCC less than a week later. Doc. 19. Like Count I of Excel's counterclaim, Brant Lake's proposed counterclaim asserted that the contractual liability exclusion does not apply to the $800,000 in lost profits, which Brant Lake argued could only have been awarded as consequential damages. EMCC opposed Brant Lake's motion to amend. Doc. 23.

Rule 15(a) of the Federal Rules of Civil Procedure establishes a liberal approach towards granting motions to amend. See Fed. R. Civ. P. 15(a)(2) (explaining that courts should "freely" give leave to amend "when justice so requires"). Denial of a motion to amend "is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Hillesheim v. Myron's Cards and Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018) (cleaned up). There is no evidence of undue delay or bad faith here, and EMCC does not argue that the proposed amendments would cause it prejudice. Instead, EMCC's only justification for denying the motion is that the proposed amendment would be futile. An amendment is futile if it "could not withstand

a motion to dismiss under Rule 12(b)(6)." Id. (cleaned up). Rather than deciding the futility issue now, this Court will grant the motion to amend, deem EMCC's motion for judgment on the pleadings to apply to the amended answer and counterclaim, and address the coverage issues raised by the motion for judgment on the pleadings after hearing oral argument. This approach will not prejudice EMCC or any party and avoids the need for EMCC to refile another motion for judgment on the pleadings. After all, a similar standard governs both the futility question and the motion for judgment on the pleadings, Hillesheim, 897 F.3d at 955; Ashley Cty. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009), Brant Lake's counterclaim raises the same issue as Count I of Excel's counterclaim, and EMCC has fully briefed the Defendants' claim that the contractual liability exclusion does not apply to the $800,000 in lost profits, Doc. 16 at 7–10, Doc. 23 at 4–7, Doc. 28.

## II. Motion to Strike

Excel filed a surreply brief to EMCC's motion for judgment on the pleadings over a month after briefing on that motion ended. Doc. 31. Excel's surreply stated that EMCC's reply brief "contains new arguments to which a response is warranted." Doc. 31 at 1. EMCC moved to strike the surreply but requested alternatively that it be given a chance to submit a response brief. Docs. 32, 33. Neither the Local Rules nor the Federal Rules of Civil Procedure allowed Excel to submit a surreply, and Excel did not seek leave of court before doing so. Nevertheless, this Court will permit Excel's surreply to remain on file and not strike it. Excel is advised, however, that any future surreply filed without this Court's permission will be stricken. This Court wants to have oral argument before ruling on EMCC's motion for judgment on the pleadings, so EMCC will have an opportunity to address the issues raised in the surreply at the hearing. Additional briefing in this case is unnecessary at this time.

## III. Conclusion

3

For the reasons stated above, it is hereby

ORDERED that Brant Lake's Motion to Amend Answer and to Assert Counterclaim, Doc. 19, is granted. Brant Lake may file and serve its first amended answer and counterclaim. It is further

ORDERED that EMCC's Motion to Strike, Doc. 32, is denied. It is further

ORDERED that the parties cooperate with this Court's judicial assistant to set a hearing in this case.

DATED this 4th day of January, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE